UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
99 MAR -3 PM 2:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| SOUTHERN NATURAL GAS COMPANY, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CV 98-L-0448-S |
| 2.824 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; EVERT D. MCCLENDON, ET AL, | ) | |
| RE: CULLMAN PARCEL NO. 35 O.D. Chafin and Edna Chafin | ) | |
| Defendants, | ) | |

ENTERED
MAR 0 3 1999

## MEMORANDUM OPINION

I. Introduction

Currently pending before this court is a motion to reject or modify Report of Commissioners filed by defendants. Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." The following paragraphs contain the items that were discussed in oral argument, defendants' objections to the Report of Commissioners, and this court's findings.

II   Damages Awarded For The Permanent Easement ($1,435)

The Commissioners awarded $1,435 in the permanent pipeline easement by deriving that the .41 acres taken was worth $3,500 an acre. Defendants object to the $3,500 per acre valuation of the property, claiming that the Commissioners disproportionately relied on

176

plaintiff's witnesses and that defendants' offered testimony that the property was worth between $10,000 and $12,000 per acre.

As cited in the Instructions to the Commissioners, when deciding what weight if any to give to opinion evidence, the Commission is to consider the "extent to which their opinions are based upon a thorough and careful analysis of the applicable facts and circumstances and are consistent with the legal principles involved, and the extent to which the reasons given for their opinions appear to be sound and reasonable." (See pp. 8-9) The court finds that the defendants' testimony offered for the valuation per acre was not based on any calculation and was solely an opinion. The court finds that the commissioner's $3,500 valuation per acre was not clearly erroneous. Therefore, the court holds that the $1,435 awarded is "just compensation" for the .41 acre tract subject to the permanent easement.

III.     Damage To The Remaining Property ($3,500)

The Commission recommended that landowners be awarded $3,500 for the damage to the remaining property by the pipeline cutting off the portion at the northwestern corner of the property. Defendant objects to this award, arguing that the Commissioners disproportionately relied upon the plaintiff's witness and that defendants offered testimony that the remaining property would be reduced by $50,000. The court finds that the Commission did consider the isolated portion of the property when determining the amount of the damage award to be $3,500, and that this amount is not clearly erroneous. Thus, the

Commission's $3,500 award for the damage to the remaining property is approved and adopted as the findings of the court.

IV.     Amount Awarded For The Temporary Easement ($254)

The Commissioners awarded $254 for the temporary easement. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

V.      Damages Awarded For The Said Damage To The Residence ($0)

The court finds that there is no evidence to support an award for damage to the residence due to the pipeline.

VI      Conclusion

The Commissioners have recommended an award to the owners of Cullman Parcel 35 in the amount of $5,189. In view of the foregoing discussion, the court has decided to adopt such award, and a separate judgment will be entered in the amount of $5,189 as just compensation for the taking of the above-described easement..

Done this 3rd day of March, 1999.

*Seybourn H. Lynne*
Senior Judge