```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

FILED
99 MAR -3 PM 2: 37
U.S. DISTRICT COURT
N.D. OF ALABAMA

SOUTHERN NATURAL GAS      )
COMPANY,                  )
                          )
          Plaintiff,      )
                          )
     vs.                  )   CV 98-L-0448-S
                          )
2.824 ACRES OF LAND LOCATED )
IN CULLMAN COUNTY, ALABAMA; )
EVERT D. MCCLENDON, ET AL, )
                          )
RE:  CULLMAN TRACTS NO. 126-1, )
     126-2, 126-3         )
                          )
          Defendants,     )

ENTERED
MAR 03 1999

## MEMORANDUM OPINION

I.   Introduction

Currently pending before this court is a motion to reject or modify Report of Commissioners filed by defendant. Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." The following paragraphs contain the items that were discussed in oral argument, defendant's objections to the Report of Commissioners, and the court's findings.

II   Damages Awarded For The Permanent Easement   ($2,400 for Parcel 126-1)
                                                  ($2,400 for Parcel 126-2)
                                                  ($2,410 for Parcel 126-3)

The Commissioners determined that the property on tracts 126-1, 126-2, and 126-3 was worth $10,000 an acre prior to the pipeline. Neither party has objected to this finding.

Thus, as to parcel 126-1, the .24 acres taken amounted to $2,400. As to parcel 126-2, the .24 acres taken amounted to $2,400. As to parcel 126-3, the .241 acres taken amounted to $2,410. The Commission's findings are approved and adopted by the court.

III.    <u>Damage To The Remaining Property</u> ($500 for Parcel 126-1)
                                              ($500 for Parcel 126-2)
                                              ($500 for Parcel 126-3)

The Commission recommended that landowners be awarded $500 for the damage to the remaining property for each of the three parcels. Defendant objects to this award arguing that the Commissioners failed to adequately compensate the defendant and that defendants offered testimony that the remaining property would be reduced by one-third (1/3). The court finds that the Commission did properly consider all evidence presented, and the amounts awarded are not clearly erroneous. Thus, the Commission's $500 award for damage to the remaining property for each of the three parcels aforementioned is approved and adopted as the findings of the court.

IV.    <u>Amount Awarded For The Temporary Easement</u> ($251 for Parcel 126-1)
                                                        ($251 for Parcel 126-2)
                                                        ($251 for Parcel 126-3)

The Commissioners determined the value of the temporary easement for parcels 126-1, 126-2, and 126-3 to be $251 each. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

V.        Damages Awarded For The Said Damage To The Residence ($0)

The court finds that there is no evidence to support an award for damage to the residence due to the pipeline.

VII.      Damages Awarded For The Loss Of Trees ($250 for Parcel 126-1)

The Commissioners awarded $250 for the loss of the trees on parcel 126-1. The Commission's findings are approved and adopted as the findings of the court.

VI        Conclusion

The Commissioners have recommended an award to the owner of the property in the above-described easement in the amount of $3,401 for parcel 126-1, $3,151 for parcel 126-2, and $3,161 for parcel 126-3.

In view of the foregoing discussion, the court has decided to adopt such awards, and a separate judgment will be entered in the amount of $3,401 for parcel 126-1, $3,151 for parcel 126-2, and $3,161 for parcel 126-3, as just compensation to the owner for the taking of the above-described easement,.

Done this 3rd day of March, 1999.

*[signature]*
Senior Judge