FILED

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

99 MAR 10 AM 11: 53

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

MAR 10 1999

| | |
|---|---|
| SOUTHERN NATURAL GAS COMPANY, | ) |
| Plaintiff, | ) |
| vs. | ) CV 98-L-0448-S |
| 2.824 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; et al., | ) |
| RE: CULLMAN PARCEL NO. 170 | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

I. Introduction

Currently pending before this court are motions to reject or modify Report of Commissioners filed by plaintiff Southern Natural Gas Company ("Southern") and defendants Early Wrenn and Norma Jean Wrenn ("Defendant"). Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." The following paragraphs contain the items that were discussed in oral argument, the parties' objections to the Report of Commissioners, as well as the court's findings.

## II. Damages Awarded For The Permanent Easement ($2,389)

The Commissioners awarded $2,389 by deriving that the .405 of an acre taken for the permanent pipeline easement was worth $5,900 an acre. Although Defendants object to valuing the property at $5,900 an acre, the court holds that the $5,900 amount per acre is not clearly erroneous and that the Commission's findings are approved and adopted as the findings of the court.

## III. Amount Awarded For Temporary Easement ($556)

The Commissioners recommended that $556 was appropriate compensation for the temporary construction easement. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the Court.

## IV.   Damage To The Remaining Property ($0)

The Commission recommended that landowners be awarded $6,000 for damage to the remainder of the property outside of the permanent easement. Southern objects to this award arguing that the award of $6,000 is not properly supported by any credible evidence before the Commission and is clearly erroneous. Defendant argues that the Commissioners' award of $6,000 fails to adequately compensate him for the damage to the remaining property. Defendant testified that the value of the property would be reduced by $20,000.

As cited in the Instructions to the Commissioners, when deciding what weight if any to give to opinion evidence, the Commission is to consider the "extent to which their opinions are based upon a thorough and careful analysis of the applicable facts and

circumstances and are consistent with the legal principles involved, and the extent to which the reasons given for their opinions appear to be sound and reasonable." (*See pp. 8-9*) The landowner did not identify the type of damages to the remainder for which compensation was given, and he had no market data to support his opinion.

The landowner further testified that he bought the .62 of an acre tract in the northwest corner with the idea of building a small home on it when he no longer could care for the 6 acre portion of the property where his home is currently located. As stated in the Instructions to the Commissioners established by this court, when the Commission calculates "just compensation" for property uses:

> consideration should be given not only to the uses to which
> the property was being put on the date of taking, but also to
> any other more economically valuable uses for which, as of
> the date of taking (and but for the taking), the property was
> adaptable and needed (or likely to be needed in the reasonably
> near future) by other owners... It would not be proper to
> consider any alternative use unless the evidence shows that
> to have been (but for the taking) a probable use in the
> reasonably near future. *See pp. 10-11*

Although defendants testified the intention to build a second home on the western land, to this day, no affirmative steps have been taken towards construction. Thus, the court finds that the defendants did not establish a "probable use in the reasonably near future," that would allow them to challenge damages.

After considering all evidence, the Court finds that the $6,000 awarded for the damage to the remainder of the property recommended in the Commissioner's report is clearly erroneous. Therefore, the court holds that the amount to be awarded for damages to the

remaining property should be zero dollars ($0).

V. <u>Damages Awarded For The Said Damage To The Residence</u> ($0)

The court finds that there is no evidence to support an award for damage to the residence due to the pipeline.

VI. <u>Conclusion</u>

The Commissioners have recommended an award to the owners of the property in the above-described easement in the amount of $8,945. The court has decided to moderate such award from $8,945 to $2,945, pursuant to the provisions of F.R.C.P. Rule 53(e)(2). In the view of the foregoing discussion, a judgment will be entered in the amount of $2,945 as just compensation to the owners of Cullman Parcel 170 for the taking of the above-described easement.

DONE this 5th day of March, 1999.

_____
SENIOR JUDGE