FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 MAR 10 AM 11: 53

U.S. DISTRICT COURT
N.D. OF ALABAMA

|  |  |  |
|---|---|---|
| SOUTHERN NATURAL GAS COMPANY, | ) ) ) | ENTERED<br><br>MAR 1 0 1999 |
| Plaintiff, | ) |  |
| vs. | ) | CV 98-L-0448-S |
| 2.824 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; et al., | ) ) ) |  |
| RE: CULLMAN PARCEL NO. 198 | ) ) |  |
| Defendants. |  |  |

## MEMORANDUM OPINION

I. Introduction

Currently pending before this court are motions to reject or modify Report of Commissioners filed by plaintiff Southern Natural Gas Company ("Southern") and defendant Clyde V. Johnson ("Defendant"). Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." The following paragraphs contain the items that were discussed in oral argument, the parties' objections to the Report of Commissioners, as well as the court's findings.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SOUTHERN NATURAL GAS COMPANY, | ) ) ) | **ENTERED** |
| Plaintiff, | ) | MAR 1 0 1999 |
| vs. | ) | CV 98-L-0448-S |
| 2.824 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; et al., | ) ) ) | |
| RE: CULLMAN PARCEL NO. 198 | ) ) | |
| Defendants. | | |

## MEMORANDUM OPINION

I. Introduction

Currently pending before this court are motions to reject or modify Report of Commissioners filed by plaintiff Southern Natural Gas Company ("Southern") and defendant Clyde V. Johnson ("Defendant"). Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." The following paragraphs contain the items that were discussed in oral argument, the parties' objections to the Report of Commissioners, as well as the court's findings.

189

II. <u>Damages Awarded For The Permanent Easement</u> ($3,520)

The Commissioners awarded $3,520 by deriving that the .97 of an acre taken for the permanent pipeline easement was worth $3,600 an acre. Although Defendant objects to valuing the property at $3,600 an acre, the court holds that the $3,600 amount per acre is not clearly erroneous and that the Commission's findings are approved and adopted as the findings of the court.

III. <u>Amount Awarded For Timber Damage</u> ($337)

The Commissioners recommended that damage to timber in the easement amounted to $337. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the Court.

IV. <u>Amount Awarded For Temporary Easement</u> ($1,646)

The Commissioners recommended that $1,646 was appropriate compensation for the temporary construction easement. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the Court.

V.     <u>Damage To The Remaining Property</u> ($0)

The Commission recommended that landowners be awarded $2,700 for damage caused by the pipeline to the 1.5 acres outside of the permanent easement along the north line fronting on the county road. Southern objects to this award arguing that the award of $2,700 is not properly supported by any credible evidence before the Commission and is clearly

erroneous. Defendant argues that the Commissioners' award of $2,700 fails to adequately compensate him for the damage to the remaining property. Defendant testified that the value of the property would be reduced by $30,000.

As cited in the Instructions to the Commissioners, when deciding what weight if any to give to opinion evidence, the Commission is to consider the "extent to which their opinions are based upon a thorough and careful analysis of the applicable facts and circumstances and are consistent with the legal principles involved, and the extent to which the reasons given for their opinions appear to be sound and reasonable." *(See pp. 8-9)* The landowner did not identify the type of damages to the remainder for which compensation was given, and he had no market data to support his opinion. The landowner further testified that he would continue to use the 40 acre tract (including the 1.5 acres along the north line) as a horse pasture, thus the pipeline would not interfere with this use. After considering all evidence, the Court finds that the $2,700 awarded for the damage to the 1.5 acres along the north line recommended in the Commissioner's report is clearly erroneous. Thus, the court holds that the amount to be awarded for damages to the remaining property should be zero dollars ($0).

VI.     Damages Awarded For The Said Damage To The Residence ($0)

The court finds that there is no evidence to support an award for damage to the residence due to the pipeline.

VII. Conclusion

The Commissioners have recommended an award to the owners of the property in the above-described easement in the amount of $8,203. The court has decided to moderate such award from $8,203 to $5,503, pursuant to the provisions of F.R.C.P. Rule 53(e)(2). In the view of the foregoing discussion, a judgment will be entered in the amount of $5,503 as just compensation to the owner of Cullman Parcel 198 for the taking of the above-described easement.

DONE this 5th day of March, 1999.

*[signature]*
SENIOR JUDGE