UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
99 MAY 19 PM 2:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY 19 1999

| | |
|---|---|
| SOUTHERN NATURAL GAS COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | CV 98-L-0448-S |
| 2.824 ACRES OF LAND LOCATED ) IN CULLMAN COUNTY, ALABAMA; ) ET AL, ) ) | |
| RE: CULLMAN PARCEL NO. 112 ) Robert B. & Betty S. Bryan ) ) | |
| Defendants, ) | |

## MEMORANDUM OPINION

### I.  Introduction

Currently pending before this court is a motion to reject or modify Report of Commissioners filed by defendants. Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." The following paragraphs contain the items that were discussed in oral argument, defendants' objections to the Report of Commissioners, and this court's findings.

### II.  Damages Awarded For The Permanent Easement ($5,928)

The Commissioners awarded $5,928 in the permanent pipeline easement by deriving

226

that the .988 acres taken was worth $6,000 an acre. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

III.     Damage To The Remaining Property ($4,305)

The Commission recommended that landowners be awarded $4,305 for 25% diminution of value to 2.87 acres of the property east of the pipeline. The 25% damage per acre is equivalent to $1,500 diminution in value per acre. Defendant objects to this award, arguing that the Commissioners failed to take into consideration the highest and best use of the property as a subdivision.

The defendant's expert witness, Mr. Jim Phillips, a real estate broker in the Cullman area, testified that while the land was currently used as agricultural, the highest and best use of the subject property was for a residential subdivision. He further testified that Mr. Bryan would lose three lots to the pipeline and that its decline in value after the taking would create a loss of $45,000. The defendant landowner also testified that he valued the property and damage to the remainder the same as his expert, Mr. Phillips.

As cited in the Instructions to the Commissioners, when deciding what weight if any to give to opinion evidence, the Commission is to consider the "extent to which their opinions are based upon a thorough and careful analysis of the applicable facts and circumstances and are consistent with the legal principles involved, and the extent to which the reasons given for their opinions appear to be sound and reasonable." (See pp. 8-9) Further stated in the Instructions to the Commissioners established by this court, when the Commission calculates "just compensation" for property uses:

> consideration should be given not only to the uses to which
> the property was being put on the date of taking, but also to

> any other more economically valuable uses for which, as of the date of taking (and but for the taking), the property was adaptable and needed (or likely to be needed in the reasonably near future) by other owners... It would not be proper to consider any alternative use unless the evidence shows that to have been (but for the taking) a probable use in the reasonably near future. *See pp.10-11*

The court finds that the evidence and testimony presented by defendant failed to show that a subdivision development was probable on the property in the reasonably near future. The court finds that the Commission did consider the isolated portion of the property east of the pipeline when determining the amount of the damage award to be $4,305, and that this amount is not clearly erroneous. Thus, the Commission's $4,305 award for the damage to the remaining property is approved and adopted as the findings of the court.

IV.     Amount Awarded For The Temporary Easement ($865)

The Commissioners awarded $865 for the temporary easement. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

V.     Conclusion

The Commissioners have recommended an award to the owners of Cullman Parcel 112 in the amount of $11,089. In view of the foregoing discussion, the court has decided to adopt such award, and a separate judgment will be entered in the amount of $11,089 as just compensation for the taking of the above-described easement. This Judgment is final as to plaintiff and Robert B. & Betty S. Bryan, pursuant to Fed. R. Civ. Pro. 54(b).

No just cause exists to delay any appeal of the adjudicated claim or the adjudicated rights and liabilities of these parties.

Done this /9 th day of May, 1999.

*[signature]*
Senior Judge