FILED
99 MAY 19 PM 2:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| SOUTHERN NATURAL GAS COMPANY, | ) ) ) | ENTERED<br>MAY 19 1999 |
| Plaintiff, | ) |  |
| vs. | ) | CV 97-L-0448-S |
| 2.824 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; et al., | ) ) ) |  |
| RE: CULLMAN PARCEL NO. 121 | ) ) |  |
| Defendants. |  |  |

## MEMORANDUM OPINION

### I.   Introduction

Currently pending before this court are motions to reject or modify Report of Commissioners filed by plaintiff Southern Natural Gas Company ("Southern") and defendant Kelton Williams ("Defendant"). Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." The following paragraphs contain the items that were discussed in oral argument, the parties' objections to the Report of Commissioners, as well as the court's

228

findings.

II.     Damages Awarded For The Permanent Easement ($3,200)

The Commissioners awarded $3,200 by deriving that the .999 of an acre taken for the permanent pipeline easement was worth $3,200 an acre. Although Defendant objects to valuing the property at $3,200 an acre, the court holds that the $3,200 amount per acre is not clearly erroneous and that the Commission's findings are approved and adopted as the findings of the court.

III.    Amount Awarded For Timber Damage ($1,678)

The Commissioners recommended that damage to timber in the easement amounted to $1,678. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the Court.

IV.     Amount Awarded For Temporary Easement ($461)

The Commissioners recommended that $461 was appropriate compensation for the temporary construction easement. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the Court.

V.      Damage To The Remaining Property ($0)

The Commission recommended that landowners be awarded $1,500 for damage

caused by the pipeline to the 23 acres outside of the permanent easement. Southern objects to this award arguing that the award of $1,500 is not properly supported by any credible evidence before the Commission and is clearly erroneous. Defendant argues that the Commissioners' award of $1,500 fails to adequately compensate him for the damage to the remaining property and that the balance of the property would be reduced extensively by the pipeline. Defendant testified that the value of the property would be reduced by $50,828.

As cited in the Instructions to the Commissioners, when deciding what weight if any to give to opinion evidence, the Commission is to consider the "extent to which their opinions are based upon a thorough and careful analysis of the applicable facts and circumstances and are consistent with the legal principles involved, and the extent to which the reasons given for their opinions appear to be sound and reasonable." (*See pp. 8-9)*

Further stated in the Instructions to the Commissioners established by this court, when the Commission calculates "just compensation" for property uses:

> consideration should be given not only to the uses to which the property was being put on the date of taking, but also to any other more economically valuable uses for which, as of the date of taking (and but for the taking), the property was adaptable and needed (or likely to be needed in the reasonably near future) by other owners... It would not be proper to consider any alternative use unless the evidence shows that to have been (but for the taking) a probable use in the reasonably near future. *See pp.10-11*

The Court finds that there was no evidence presented before the Commissioners that the pipeline would restrict a probable use or impact any development in the reasonably near future. After considering all evidence, the Court finds that the $1,500 awarded for damages

to the 23 acres outside the easement recommended in the Commissioner's report is clearly erroneous. Thus, the court holds that the amount to be awarded for damages to the remaining property should be zero dollars ($0).

VI.   Conclusion

The Commissioners have recommended an award to the owners of the property in the above-described easement in the amount of $6,839. The court has decided to moderate such award from $6,839 to $5,339, pursuant to the provisions of F.R.C.P. Rule 53(e)(2). In the view of the foregoing discussion, a judgment will be entered in the amount of $5,339 as just compensation to the owner of Cullman Parcel 121 for the taking of the above-described easement. This Judgment is final as to plaintiff and Kelton Williams, pursuant to Fed. R. Civ. Pro. 54(b). No just cause exists to delay any appeal of the adjudicated claim or the adjudicated rights and liabilities of these parties.

DONE this 19th day of May, 1999.

SENIOR JUDGE