UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
99 JUL 21 PM 12: 45
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| SOUTHERN NATURAL GAS COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>2.824 ACRES OF LAND LOCATED )<br>IN CULLMAN COUNTY, ALABAMA; )<br>EVERT D. McCLENDON, LARRY )<br>SHADDIX, JANIS SHADDIX et. al. )<br>)<br>Defendants. )<br>)<br>RE:   Cullman Tract No. 211 ) | CV 98-L-0448-S |

ENTERED
JUL 21 1999

## MEMORANDUM OPINION

I.   Introduction

Currently pending before this court is a motion to reject or modify Report of Commissioners filed by defendants. Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." The following paragraphs contain the items that were discussed in oral argument, defendants' objections to the Report of Commissioners, and this court's findings.

II.   Damages Awarded For The Permanent Easement ($1,190)

The Commissioners awarded $1,190 in the permanent pipeline easement by deriving

246

that the .238 acres taken was worth $5,312 an acre. Defendant objects to the $5,312 per acre valuation of the property claiming that the Commissioners disproportionately relied on plaintiff's witnesses and that defendants offered testimony that the property was worth $10,000 an acre.

As cited in the <u>Instructions to the Commissioners</u>, when deciding what weight if any to give to opinion evidence, the Commission is to consider the "extent to which their opinions are based upon a thorough and careful analysis of the applicable facts and circumstances and are consistent with the legal principles involved, and the extent to which the reasons given for their opinions appear to be sound and reasonable." (See pp. 8-9) The court finds that the defendants' testimony offered for the valuation per acre was not based on any calculation and was solely an opinion. The court finds that the commissioner's $5,312 valuation per acre was not clearly erroneous. Therefore, the court holds that the $1,190 awarded is "just compensation" for the .238 acre tract subject to the permanent easement.

III.     <u>Amount Awarded For Timber Damage</u> ($2,000)

The Commissioners recommended that damage to timber in the easement amounted to $2,000. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

IV.     Damage To The Remaining Property ($0)

The Commission found that the pipeline would not impact or damage the remaining property outside of the permanent easement. Defendants object to this lack of an award, arguing that the Commissioners disproportionately relied upon the plaintiff's witness, and that defendant offered testimony that the total damage to the property would be $25,000. Defendant also argues that the local real estate broker testified that the damages would be from $20,000 to $30,000. The court finds that the Commission did consider the defendant's evidence when determining whether to award damages to the remainder property, and that the Commission's finding of no damages is not clearly erroneous. Thus, the Commission's $0 award for there being no damage to the remaining property is approved and adopted as the findings of the court.

V.      Amount Awarded For The Temporary Easement ($1,420)

The Commissioners awarded $1,420 for the temporary easement. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

VI.     Amount Awarded For The Temporary Occupancy Loss ($2,857)

The Commissioners awarded $2,857 for the temporary occupancy loss. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

VII.    Conclusion

The Commissioners have recommended an award to the owner of Cullman Parcel 211 in the amount of $7,467. In view of the foregoing discussion, the court has decided to adopt such award, and a separate judgment will be entered in the amount of $7,467 as just compensation for the taking of the above-described easement. This Judgment is final as to plaintiff and Larry and Janis Shaddix, pursuant to Fed. R. Civ. Pro. 54(b). No just cause exists to delay any appeal of the adjudicated claim or the adjudicated rights and liabilities of these parties.

Done this 12 day of July, 1999.

*[signature]*
Senior Judge