UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
99 NOV 30 PM 2:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| SOUTHERN NATURAL GAS COMPANY, ) | ENTERED |
| Plaintiff, ) | NOV 30 1999 |
| vs. ) | CV 97-L-0448-S |
| 2.824 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; MELVIN HUTSON, et al., ) ) ) | |
| Defendants. ) | |

RE: Cullman County Tract No. 92

**MEMORANDUM OPINION**

I.  Introduction

Currently pending before this court is an objection to the Report of Commissioners filed by plaintiff, Southern Natural Gas Company ("Southern"). Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." Likewise, the court's review of the Report of Commissioners is only for clear error. The following paragraphs contain the issues that were discussed in oral argument, the party's objections to the Report of

308

Commissioners, as well as the court's findings and final judgment.

II. Discussion and Findings

    A. Damages Awarded for the Permanent Easement

The Commissioners awarded $5,865 for the permanent pipeline easement. The court approves and adopts the Commissioners' finding as that of this court.

    B. Amount Awarded for Temporary Easement

The Commissioners recommended that $457 was appropriate compensation for the temporary construction easement. The Commissioners' findings are approved and adopted as the findings of the court.

    C. Damage to the Remaining Property

The Commissioners recommended that the landowner be awarded $5,000 as compensation for damage caused by the pipeline outside of the permanent easement. Plaintiff objects to this award claiming that the evidence does not support such an award. For remainder damages to be an appropriate element of just compensation, the landowner, through credible evidence, must: (1) establish a probable use of the remaining property in the reasonably near future; and (2) establish that the presence of the pipeline will adversely impact such use. The landowner testified that the land was currently used as pastureland for cattle, that he had taken no

steps to use the land for anything but pastureland, and that he understood that he could continue to use all of the land as pasture after the pipeline. In addition, the landowner's appraiser testified that remainder damages should be $11,500 but admitted that he had no facts or market data to support this opinion. Therefore, the court finds that there is insufficient evidence to support the awarded amount for damages to the remainder, and the award should be reduced to zero dollars ($0).

III. Conclusion

The Commissioners have recommended an award to the owners of the property in the above-described easement in the amount of $11,322. Having concluded that only the remainder element of the Commissioners' award is clearly erroneous, the Court has decided to moderate such award from $11,322 to $6,322. In view of the foregoing discussion, a separate judgment will be entered in the amount of $6,322 as just compensation in favor of the defendant.

DONE this 30th day of November 1999.

_____
SENIOR JUDGE