UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
99 NOV 30 PM 4:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
NOV 3 0 1999

| | |
|---|---|
| SOUTHERN NATURAL GAS COMPANY, ) | |
| Plaintiff, ) | |
| vs. ) | CV 97-L-0448-S |
| 2.824 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; RAYMOND BURLESON, et al., ) ) ) | |
| Defendants. ) | |

RE: Cullman County Tract No. 124

**MEMORANDUM OPINION**

I.   Introduction

Currently pending before this court are objections to the Report of Commissioners filed by both plaintiff and defendant. Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." Likewise, the court's review of the Report of Commissioners is only for clear error. The following paragraphs contain the issues that were discussed in oral argument, the parties' objections to the Report of Commissioners, as well as

the court's findings and final judgment.

II. Discussion and Findings

    A.   Damages Awarded for the Permanent Easement

The Commissioners awarded $3,645 for the permanent pipeline easement. Defendant objects generally to the values awarded. The court however finds that defendant has failed to demonstrate any clear error on the part of the Commissioners, and, as such, the Commissioners' findings are approved and adopted as the findings of the court.

    B.   Amount Awarded for Temporary Easement

The Commissioners recommended that $475 was appropriate compensation for the temporary construction easement. The Commissioners' findings are approved and adopted as the findings of the court.

    C.   Amount Awarded for Timber Damage

The Commissioners recommended that damage to the timber in this easement amounted to $2,500. The Commissioners' findings are approved and adopted as the findings of the Court.

    D.   Damage to the Remaining Property

The Commissioners recommended that the landowner be awarded $1,125 as compensation for the value of an uneconomic remnant. .Plaintiff objects to this award claiming that the evidence does not

support such an award. For remainder damages to be an appropriate element of just compensation, the landowners, through credible evidence, must: (1) establish a probable use of the remaining property in the reasonably near future; and (2) establish that the presence of the pipeline will adversely impact such use. No evidence was offered to prove that the presence of the pipeline restricted any probable use of the property in the reasonably near future as of the date of taking. In addition, the landowner testified that he had not taken any affirmative steps towards any probable future use as a subdivision development. Therefore, the court finds that the Commissioners' award is clearly erroneous, and, as such, the award should be reduced to zero dollars ($0).

Defendant objects to the Commissioners' award of remainder damages claiming that the Commissioners failed "to provide any compensation to the Defendant for loss of value to the remaining property." The record does not reflect defendant's claim as the Commissioners did award compensation for remainder damages. Nevertheless, for the reasons discussed above, the court's decision to modify the award remains.

III. Conclusion

The Commissioners have recommended an award to the owners of the property in the above-described easement in the amount of

$7,745. Having concluded that only the remainder element of the Commissioners' award is clearly erroneous, the court has decided to moderate such award from $7,745 to $6,620. In view of the foregoing discussion, a separate judgment will be entered in the amount of $6,620 as just compensation in favor of the defendant.

DONE this 30th day of November 1999.

_____
SENIOR JUDGE