UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
99 NOV 30 PM 4:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

SOUTHERN NATURAL GAS COMPANY, )
   Plaintiff, )
 vs. )
2.824 ACRES OF LAND LOCATED IN CULLMAN COUNTY; SHERRY COMPTON, et al., )
and )
1.062 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; DENNON COMPTON; SHERRY COMPTON, et al., )
   Defendants.

ENTERED
NOV 30 1999

CV-98-L-0448-S
CV 97-L-2919-S

RE: Cullman County Tracts No. 87 and 88

**MEMORANDUM OPINION**

I. <u>Introduction</u>

  Currently pending before this court is an objection to the Report of Commissioners filed by defendants, Dennon Compton and Sherry Compton. Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." Likewise, the

312

court's review of the Report of Commissioners is only for clear error. The following paragraphs contain the issues that were discussed in oral argument, the party's objections to the Report of Commissioners, as well as the court's findings and final judgment.

II. Discussion and Findings

    A.   Damages Awarded for the Permanent Easement

    The Commissioners awarded $ 2,844 for the permanent pipeline easement for Tract No. 87 and $4,248 for the permanent pipeline easement for Tract No. 88. Defendants object to the awarded values claiming that the Commissioners failed to consider the highest and best use of the property as testified by the owner and witnesses. As cited in the Instructions to the Commissioners, when deciding what weight if any to give to opinion evidence, the Commission is to consider the "extent to which their opinions are based upon a thorough and careful analysis of the applicable facts and circumstances and are consistent with the legal principles involved, and the extent to which the reasons given for their opinions appear to be sound and reasonable." The court finds that there is substantial support for the award and therefore approves and adopts the Commissioners' finding as that of this court.

    B.   Amount Awarded for Temporary Easement

    The Commissioners recommended that $456 was appropriate

compensation for the construction easement for Tract No. 87 and $1,000 was appropriate compensation for the temporary construction easement for Tract No. 88. For the reasons stated above, the Commissioners' findings are approved and adopted as the findings of the court.

    C.  Amount Awarded for Timber Damage

The Commissioners recommended that damage to the timber in this easement amounted to $482 for Tract No. 88. The Commissioners' findings are approved and adopted as the findings of the Court.

    D.  Damage to the Remaining Property

The Commissioners recommended that the landowners be awarded $9,000 as compensation for damage to the remainder for Tract No. 87 and $6,000 as compensation for damage to the remainder for Tract No. 88. Defendants object to the Commissioners' award of remainder damages claiming that the Commissioners failed "to provide any compensation to the Defendant for loss of value to the remaining property." The record does not reflect defendants' claim as the Commissioners did award a substantial amount as compensation. Nevertheless, the court finds that the Commissioners' award is not clearly erroneous and adopts and approves the Commissioners' findings as that of this court.

III. <u>Conclusion</u>

The Commissioners have recommended an award to the owners of the property in the above-described easement in the amount of $12,300 for Tract No. 87 and $11,730 for Tract No. 88. Having concluded that no element of the Commissioners' award is clearly erroneous, the court adopts the Commissioners' findings in whole. In view of the foregoing discussion, a separate judgment will be entered in the amount of $12,300 for Tract No. 87 and $11,730 for Tract No. 88 as just compensation in favor of the defendants.

DONE this 30th day of November 1999.

_____
SENIOR JUDGE