UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SOUTHERN NATURAL GAS )
COMPANY, )
 )
     Plaintiff, )
 )
vs. )   CV 98-L-0448-S
 )
2.824 ACRES OF LAND )
LOCATED IN CULLMAN COUNTY,
ALABAMA; MARGO )
MESSERSMITH, et al., )
 )
     Defendants. )

RE: Cullman County Tract No. 110

**MEMORANDUM OPINION**

I.   Introduction

    Currently pending before this court is an objection to the Report of Commissioners filed by plaintiff, Southern Natural Gas Company ("Southern"), and defendant, Margo Messersmith. Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." Likewise, the court's review of the Report of Commissioners is only for clear error. The following paragraphs contain the issues that were discussed in oral argument,

331

the parties' objections to the Report of Commissioners, as well as the court's findings and final judgment.

II. Discussion and Findings

A. Damages Awarded for the Permanent Easement

The Commissioners awarded $2,585 for the permanent pipeline easement. Defendant objects generally to the values awarded. The court however finds that defendant has failed to demonstrate any clear error on the part of the Commissioners, and, as such, the Commissioners' findings are approved and adopted as the findings of the court.

B. Amount Awarded for Temporary Easement

The Commissioners recommended that $502 was appropriate compensation for the temporary construction easement. For the reasons stated above, the Commissioners' findings are approved and adopted as the findings of the court.

C. Amount Awarded for Timber Damage

The Commissioners recommended that damage to the timber in this easement amounted to $874. For the reasons stated above, the Commissioners' findings are approved and adopted as the findings of the Court.

D. Damage to the Remaining Property

The Commissioners recommended that the landowner be awarded

$1,000 as compensation for the damage to the remainder. Plaintiff objects to this award claiming that the evidence does not support such an award. For remainder damages to be an appropriate element of just compensation, the landowners, through credible evidence, must: (1) establish a probable use of the remaining property in the reasonably near future; and (2) establish that the presence of the pipeline will adversely impact such use. The landowner offered no evidence of an adverse impact by the pipeline on a probable use of the remaining property in the reasonably near future. While the landowner had a map of a proposed residential subdivision drawn up only after learning of the pipeline and after the date of the taking, no steps had been taken to record or build any subdivision on this tract. Therefore, the court finds that there is insufficient evidence to support the awarded amount for damages to the remainder, and the award should be reduced to zero dollars ($0).

Defendant objects to the Commissioners' award of remainder damages claiming that the Commissioners failed "to provide any compensation to the Defendant for loss of value to the remaining property." The record does not reflect defendant's claim as the Commissioners did award a substantial amount as compensation. Nevertheless, for the reasons discussed above, the court's decision to modify the award remains.

III. <u>Conclusion</u>

The Commissioners have recommended an award to the owners of the property in the above-described easement in the amount of $4,961. Having concluded that only the remainder element of the Commissioners' award is clearly erroneous, the court has decided to moderate such award from $4,961 to $3,961. In view of the foregoing discussion, a separate judgment will be entered in the amount of $3,961 as just compensation in favor of the defendant.

DONE this 7th day of January 2000.

_____
SENIOR JUDGE