FILED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

00 JAN -7 PM 2: 44

U.S. DISTRICT COURT
N.D. OF ALABAMA

SOUTHERN NATURAL GAS
COMPANY,

          Plaintiff,

     vs.

2.824   ACRES   OF   LAND
LOCATED IN CULLMAN COUNTY,
ALABAMA; WANZA JORDON, et
al.,

          Defendants.

RE: Cullman County Tract
No. 212 and 215

)
)
)
)
)
)
)
)
)
)

**ENTERED**

JAN 1 0 2000

CV 98-L-0448-S

**MEMORANDUM OPINION**

I.   Introduction

     Currently pending before this court is an objection to the
Report of Commissioners filed by defendant, Wanza Jordon.   Under
Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court
after hearing may adopt the report or may modify it or may reject
it in whole or in part."   Likewise, the court's review of the
Report of Commissioners is only for clear error. The following
paragraphs contain the issues that were discussed in oral argument,
the party's objections to the Report of Commissioners, as well as

the court's findings and final judgment.

## II.   Discussion and Findings

    A.   Damages Awarded for the Permanent Easement

The Commissioners awarded $856 for the permanent pipeline easement for Tract 212 and $1,788 for Tract 215. Defendant objects generally to the values awarded. Defendant offers the opinions of several of his witnesses to show that the Commissioners' recommendations are incorrect. As cited in the Instructions to the Commissioners, when deciding what weight if any to give to opinion evidence, the Commission is to consider the "extent to which their opinions are based upon a thorough and careful analysis of the applicable facts and circumstances and are consistent with the legal principles involved, and the extent to which the reasons given for their opinions appear to be sound and reasonable." The court finds that the Commissioners' recommendations adequately reflect all the evidence before them. Likewise, the court finds that defendant has failed to demonstrate any clear error on the part of the Commissioners, and, as such, the Commissioners' findings are approved and adopted as the findings of the court.

    B.   Amount Awarded for Temporary Easement

The Commissioners recommended that $1,061 was appropriate compensation for the temporary construction easement on Tract 212

and $2,231 for the temporary construction easement on Tract 215.
For the reasons discussed above, the Commissioners' findings are
approved and adopted as the findings of the court.

    C.   Damage to the Remaining Property

The Commissioners recommended that the landowner be awarded
no compensation for the damage to the remainder. Defendant objects
to this claiming that the Commissioners disproportionately relied
upon the evidence of plaintiff's witness in failing to award
remainder damages.   However, for remainder damages to be an
appropriate element of just compensation, the landowner must,
through credible evidence, (1) establish a probable use of the
remaining property in the reasonably near future; and (2) establish
that the presence of the pipeline will adversely impact such use.
The landowner failed to meet this burden, and, as such, the
Commissioners' findings are approved and adopted as the findings of
the Court.

## III.  Conclusion

The Commissioners have recommended an award to the owners of
the property in the above-described easement in the amount of
$1,917 for Tract 212 and $4,019 for Tract 215.  Having concluded
that no element of the Commissioners' award is clearly erroneous,
the court approves and adopts the Report of Commissioners   in

whole. In view of the foregoing discussion, a separate judgment will be entered in the amount of $1,917 as just  compensation in favor of the defendant for tract 212 and $4,019 for tract 215.


DONE this  7⁹  day of January 2000.


SENIOR JUDGE