UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
00 JAN -7 PM 2: 44
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JAN 10 2000

SOUTHERN NATURAL GAS COMPANY, )
)
Plaintiff, )
)
vs. )   CV. 98-L-0448-S
)
2.824 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; RICHARD COOTS; PATRICIA A. COOTS; et al., )
)
)
Defendants. )
)

RE: Cullman County Tract No. 220.1

**MEMORANDUM OPINION**

I. Introduction

Currently pending before this court is an objection to the Report of Commissioners filed by defendant, Richard Coots. Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." Likewise, the court's review of the Report of Commissioners is only for clear error. The following paragraphs contain the issues that were discussed in oral argument, the party's objections to the Report of Commissioners, as well as

the court's findings and final judgment.

II. Discussion and Findings

    A. Damages Awarded for the Permanent Easement

The Commissioners awarded $580[1] for the permanent pipeline easement. Defendant objects generally to the values awarded.[2] The court however finds that defendant has failed to demonstrate any clear error on the part of the Commissioners, and, as such, the Commissioners' findings are approved and adopted as the findings of the court.

    B. Amount Awarded for Temporary Easement

The Commissioners recommended that $527 was appropriate compensation for the temporary construction easement. For the reasons discussed above, the Commissioners' findings are approved and adopted as the findings of the court.

    C. Amount Awarded for Timber Damage

---

[1] The Report of Commissioners incorrectly states that the recommended value of the property taken for the permanent pipeline easement is $480. The Commissioners' recommended values appear to reflect the values opined by Southern's appraiser, and Southern's appraiser opined that the value of such property taken was $580. The was clearly a misprint as the total recommended value reflects this corrected figure.

[2] Defendant did not testify at the hearing before the Land Commissioners. It was only at the objection hearing before this court that defendant tried to offer his opinion as to damage values.

The Commissioners recommended $204 was appropriate compensation for the damage to the timber in this easement. Defendant objects to this award, but he has failed to introduce any credible evidence to demonstrate any clear error on the part of the Commissioners. Therefore, the Commissioners' findings are approved and adopted as the findings of the Court.

D. Damage to the Remaining Property

The Commissioners recommended that the landowner be awarded no compensation for the damage to the remainder. Defendant objects claiming that the easement renders parts of his land useless. However, for remainder damages to be an appropriate element of just compensation, the landowner must, through credible evidence, (1) establish a probable use of the remaining property in the reasonably near future; and (2) establish that the presence of the pipeline will adversely impact such use. The landowner failed to meet this burden, and, as such, the Commissioners' findings are approved and adopted as the findings of the Court.

III. Conclusion

The Commissioners have recommended an award to the owners of the property in the above-described easement in the amount of $1,311. Having concluded that no element of the Commissioners' award is clearly erroneous, the court approves and adopts the

Report of Commissioners in whole. In view of the foregoing discussion, a separate judgment will be entered in the amount of $1,311 as just compensation in favor of the defendant.

DONE this 7th day of January 2000.

*[signature]*
SENIOR JUDGE